25 C.C.P.A. (Patents)

## In re BRIANT.

**Patent Appeal No. 3980.**

Court of Customs and Patent Appeals.

June 6, 1938.

Joshua R. H. Potts, Basel H. Brune, and Eugene Vincent Clarke, all of Chicago, Ill., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 16 and 17 in appellant's application for a patent for an alleged invention relating to improvements in bilge drainers.

Claim 16 is illustrative of the appealed claims. It reads:

"16. A bilge drainer comprising a valve housing adapted to extend through the floor of a water craft, an outflow conduit connected to the valve housing and having an outflow opening in a plane substantially parallel to the axis of the valve housing, a flap valve for said opening, a venturi tube enclosing said outflow conduit and having a waist substantially at said outflow opening and spaced radially therefrom, the end of said tube forwardly of the outlet opening being flared outwardly and the portion of the venturi tube rearwardly of the outlet opening being flared outwardly and having a longitudinal dimension greater than the said portion of the venturi tube forwardly of the outlet opening, said outflow conduit constituting a restriction in the forward part of the

venturi tube whereby an attenuated space is provided about the outlet opening."

The references are: Peters et al., 164,477, June 15, 1875; Edwards (British), 15,707, Aug. 18, 1893; Hitchcock, 983,620, Feb. 7, 1911.

A bilge drainer is used to drain water from the bilge of water craft while the craft is in motion.

Appellant's device comprises a valve housing extending through the floor of a boat, an outflow conduit connected to the valve housing, the outflow opening of which is in a plane substantially parallel to the axis of the valve housing, a flap valve for such outflow opening, and a venturi tube enclosing the outflow conduit. The device is so constructed that the "waist" of the venturi tube is substantially at the outflow opening of the outflow conduit. When the boat on which appellant's device is used is moving, suction in the outflow conduit is developed by a draft produced through the venturi tube, and water is thus drawn from the bilge of the boat. When the boat ceases to move, the flap valve closes, thus preventing water from entering the bilge.

The patent to Peters et al. relates to a bilge drainer having an outflow conduit around which is mounted a venturi tube. The device is not constructed so that the constricted portion of the venturi tube is substantially at the outflow opening of the outflow conduit. The patentees disclose a manually operated valve for closing the outflow conduit. They do not disclose a flap valve in the outflow opening of the outflow conduit.

The patent to Edwards relates to ash ejectors, which are used for the discharge of ashes from steamships. The patentee discloses two valves similar to those in appellant's device. He does not, however, disclose the use of a venturi tube.

The patent to Hitchcock discloses a bilge drainer having a manually operated valve and a flap valve somewhat similar to those disclosed by appellant. The patentee also discloses a "casing," conical in shape, with a full-size opening at its front, and a small opening at its rear. The Board of Appeals referred to the patentee's "casing" as a "venturi tube," and it may be that the board properly so designated it; however, the patentee's tube does not have a "waist," in the ordinary acceptation of that term, its con-stricted portion being at one end, nor is his device so constructed that the constricted portion of his "casing" is located substantially at the outflow opening of the outflow conduit as in appellant's device.

In its opinion, the Board of Appeals stated: "The patent to Hitchcock discloses an apparatus of much the same kind. It also operates by reason of suction produced by a moving stream of water through a venturia tube. In the patent, the motive fluid passes through the center of the stream drawn from the boat hull, but this difference appears to be immaterial since each of the patents to Peters et al. and Edwards shows outlets from the boat hull as being surrounded by the stream of motor liquid. It is well known that venturia suction devices of this type may assume many different forms and it is not seen that the structure set forth in the appealed claims possesses sufficient merit to warrant their allowance even if amended in the manner set forth in the examiner's statement."

It is obvious that, although all of its elements are old, appellant's device differs from each of the structures disclosed in the references.

It is contended by counsel for appellant that each of the prior art devices is inefficient in that it does not operate effectively when the boat is moving slowly; that appellant's device is so constructed that it operates efficiently, even when the relative motion of the boat with respect to the water is slight; that appellant accomplished this improved result by placing the "waist" or constricted portion of the venturi tube substantially at the outflow opening of the outflow conduit so that "the outflow conduit is located at the zone of greatest attenuation, and at the same time the conduit itself cooperates with the venturi tube to constitute a restriction therein to assist in effecting the creation of suction or a partial vacuum"; and that appellant's structure is a distinct and unobvious improvement over the prior art.

It is clear that the references neither disclose nor suggest placing the restricted portion of a venturi tube substantially at the outflow opening of the outflow conduit.

The Board of Appeals was of opinion, however, that, as venturi suction devices of the type here involved might assume many different forms, it did not involve invention to modify the devices disclosed in the references, particularly the device

disclosed in the patent to Hitchcock, by placing the outflow opening of the outflow conduit at the "waist" of the venturi tube, even though improved results were obtained by so doing.

As we understand the decisions of the tribunals of the Patent Office, it was not held that appellant's device was not new and useful, but rather that its construction required nothing more than mechanical skill in view of the disclosures in the references.

In his brief, the Solicitor for the Patent Office quoted the definition of a "venturi tube" from Winston's Simplified Dictionary, College Edition, 1936, as follows: "A tube with a narrowing or constriction, which utilizes the principle that the velocity of a fluid flowing through is increased, and its pressure against the tube walls decreased, in the constricted portion," and, at the time of the oral arguments in this court, suggested that, as the pressure decreased and the suction increased at the constricted portion in a venturi tube, it would seem to be obvious to place the waist portion of such tube at the outflow opening of the outflow conduit, thus creating a sufficient vacuum at the particular point where it was needed to secure the desired results.

We have given the solicitor's suggestion careful consideration; however, the prior art does not disclose appellant's combination, and it would seem, in view of the advantages obtained therefrom, that, if it was obvious to one skilled in the art that better results might be obtained by placing the "waist" or constricted portion of a venturi tube at the outflow opening of the outflow conduit in a device of this type, it would have occurred to the patentee Hitchcock, whose patent issued in 1911, or to some one else prior to the filing of appellant's application—May 22, 1934.

We are of opinion that the obviousness of appellant's improvement over the prior art is due to appellant's teaching, and is not due to the teachings of the prior art references.

Accordingly, we are unable to hold that, because a venturi suction device of the general type here involved is old and might assume many different forms, it did not involve invention to produce appellant's device.

We are constrained to disagree with the conclusion reached by the tribunals of the Patent Office. The decision of the Board of Appeals is, therefore, reversed.

Reversed.